**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                            NO. 4:08CR00054-01 JLH

ANTONIO TOREL PERSON                                                                      DEFENDANT

**ORDER**

On the 1st day of February, 2010, this case came before the Court for trial by jury. On February 3, 2010, the defendant moved for a mistrial. For the following reasons, the defendant's motion for mistrial is granted.

On February 2, 2010, over an objection from the defendant, the Court received into evidence a certified copy of business records from a telephone company showing telephone calls made on the date of the armed robbery at issue from a cellular telephone number for which the subscriber was the defendant, Antonio Person. After those records were received into evidence, they were displayed to the jury, and testimony was given in open court as to the identity of the subscribers for the numbers shown on the telephone records as having made an incoming call to the telephone number at issue or having received an outgoing call of the telephone number at issue during the timeframe of the events at issue. During the course of the testimony regarding the identities of those subscribers, defense counsel realized that the telephone records he was using to follow the testimony did not match the telephone records that had been introduced into evidence. During a recess, the attorneys for the government and the attorney for the defendant compared the telephone records and, after the recess, the attorneys explained the situation to the Court. The essential facts, as explained by the attorneys, are not disputed. The telephone company had provided one set of records in

response to a request from the North Little Rock Police Department and another set of records in response to a subpoena from the United States. The records received in evidence were the records provided in response to a subpoena from the United States. Both sets of records encompass the date in question. Both sets of records were for the same telephone number. Both sets of records were accompanied by a certificate of authenticity. Nevertheless, the telephone records introduced into evidence listed three telephone calls that were not listed on the records provided to the North Little Rock Police Department. Those three telephone calls were made to a telephone number for which the subscriber was the mother of a co-defendant. Until the afternoon of February 2, 2010, neither party had discovered that the two sets of records were not identical.

After making inquiry overnight, on February 3, 2010, the government announced that it had found a witness who could explain the discrepancy and who could testify that the telephone records received in evidence were reliable. The government stated that the explanation as to the discrepancy and the reason that the records in evidence were reliable would require a technical explanation of the manner in which the telephone company's system worked. Defense counsel moved for a mistrial because the testimony would be that of an expert witness, and the defendant is entitled to advance notice of an expert witness under Rule 16(a)(i)(G) of the Federal Rules of Criminal Procedure. Defense counsel also stated that he was making no accusations of prosecutorial misconduct or failure on the part of the government to comply with its discovery obligations, but the circumstances of the case put his client in a position in which he could not receive a fair trial because he had not had an opportunity to prepare for the technical testimony that would be given to explain the discrepancy in the telephone records.

After giving the government and defense counsel an opportunity to argue for and against the

mistrial and to propose alternatives, the Court granted the motion for mistrial in open court. Both parties said that the three telephone calls at issue were critical to the case. Neither side had discovered the discrepancy in the records before the trial. The jury could not be expected to determine which set of the records was accurate absent technical testimony. The defendant had not been able to prepare for the technical testimony that would be presented to explain the discrepancy. Based on these facts, the Court concluded that fairness required that the defendant's motion for mistrial be granted.

The Court stated on the record and states again that there was no prosecutorial misconduct nor any effort by the prosecutor to induce the defendant to move for a mistrial. The prosecuting attorneys and defense counsel acted reasonably and in good faith; but, absent a mistrial, the unforeseen circumstances described above would deprive the defendant of a fair trial, so a mistrial must be and hereby is declared.

The date for a new trial will be set by separate order.

IT IS SO ORDERED this 3rd day of February, 2010.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE